IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(AT LOUISVILLE)

ARICKA L. ROYALTY                                                PLAINTIFF
2300 North Highway 53
LaGrange, Kentucky 40031

                                                   3:17-CV-196-DJH

v.


EQUIFAX INFORMATION SERVICES, LLC                   DEFENDANTS
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

          SERVE:     Corporation Service Co.
                     251 E. Ohio St.
                     Indianapolis, Indiana 46204
                     (BY CERTIFIED MAIL)

AND


TRANS UNION, LLC
555 West Adams St.
Chicago, Illinois 60661

          SERVE:     The Prentice Hall Corporation System
                     251 East Ohio St., Ste. 500
                     Indianapolis, Indiana 46204
                     (BY CERTIFIED MAIL)

** ** ** **

**VERIFIED COMPLAINT**

   Comes the Plaintiff, Aricka L. Royalty, and for her Verified Complaint against the

Defendants, Equifax Information Services, LLC ("Equifax") and Trans Union, LLC ("Trans

Union") states as follows:

## I. **PRELIMINARY STATEMENT**

1.     This is an action for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C.

§1681 et seq., arising out the Defendants' failure to investigate Plaintiff's credit reporting disputes and Defendants' failure to maintain the accuracy of Plaintiff's credit history.

## II. <u>PARTIES</u>

2.　　Plaintiff, Aricka L. Royalty, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 2300 North Highway 53, LaGrange, Kentucky 40031.

3.　　Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4.　　Defendant, Equifax, is a is a corporation organized under the laws of the State of Georgia with its principal place of business located at 1550 Peachtree Street N.W., Atlanta, Georgia 30309.

5.　　Equifax is a consumer reporting agency that "compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

6.　　Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

7.　　Defendant, Trans Union, is a is a corporation organized under the laws of the State of Illinois and doing business in the State of Indiana with its principal place of business located at 555 West Adams Street, Chicago, Illinois, 60661.

8.　　Trans Union is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

9.　　Trans Union is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

10.     This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Oldham County, Kentucky as a result of the Defendant doing business in Oldham County, Kentucky.

### IV. FACTUAL BACKGROUND

11.     In or around November 2016, Plaintiff accessed her Equifax and Trans Union credit reports and discovered a number of derogatory tradelines on both reports.

12.     Immediately upon discovering the above-referenced tradelines, Plaintiff filed disputes with Equifax and Trans Union, requesting that Equifax and Trans Union investigate the accuracy of the tradelines.

13.     Specifically, Plaintiff requested that, among other tradelines, Equifax investigate four tradelines furnished by GLA Collection Co. and tradelines furnished by JH Portfolio Debt Equity, IC System, Inc., and World Finance, and that Trans Union investigate an alleged judgment against Plaintiff in favor of Cash Express.

14.     Equifax and Trans Union, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), were required to notify the above-referenced furnishers of the disputes at or within five (5) days of Equifax's and Trans Union's receiving notice of the disputes from Plaintiff.

15.     In January 2017, Plaintiff received correspondence from Equifax regarding her November 2016 disputes and investigation requests.  Equifax's correspondence showed that it failed to investigate the above-referenced derogatory tradelines on Plaintiff's Equifax credit report.

16.     Also in January 2017, Plaintiff received correspondence from Trans Union regarding her November 2016 dispute and investigation request.  Trans Union's correspondence

showed that it failed to investigate the above-referenced derogatory tradelines on Plaintiff's Trans Union credit report.

17.     The Defendants' failure to investigate and amend and/or delete the above-referenced tradelines amounts to a violation of the Defendants' duties under the 15 U.S.C. §1681i to maintain the accuracy of Plaintiff's credit history and to reasonably investigate consumer disputes.

18.     Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendant's failure to investigate Plaintiff's disputes and their failure to maintain the accuracy of Plaintiff's credit history.

## V. CLAIMS

### Negligent Violation of the Fair Credit Reporting Act – Equifax

19.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 18 as if fully set forth herein.

20.     Equifax's failure to investigate Plaintiff's disputes and its failure to remove the subject tradelines and/or amend Plaintiff's Equifax credit report are violations of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and its duty to investigate consumer disputes under 15 U.S.C. §1681i.

21.     Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Negligent Violation of the Fair Credit Reporting Act – Trans Union

22.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 21 as if fully set forth herein.

23.     Trans Union's failure to investigate Plaintiff's disputes and its failure to remove the subject tradelines and/or amend Plaintiff's Trans Union credit report are violations of Trans

Union's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and its duty to investigate consumer disputes under 15 U.S.C. §1681i.

24.    Trans Union's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act - Equifax

25.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 24 as if fully set forth herein.

26.    Equifax's failure to investigate Plaintiff's disputes and its failure to remove the subject tradelines and/or amend Plaintiff's Equifax credit report are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and its duty to investigate consumer disputes under 15 U.S.C. §1681i.

27.    Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Trans Union

28.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 27 as if fully set forth herein.

29.    Trans Union's failure to investigate Plaintiff's disputes and its failure to remove the subject tradelines and/or amend Plaintiff's Trans Union credit report are willful violations of Trans Union's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and its duty to investigate consumer disputes under 15 U.S.C. §1681i.

30.    Trans Union's violations of the FCRA amount to willful non-compliance with the

FCRA as stated in 15 U.S.C. §1681n for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorney's fees.

WHEREFORE, Plaintiff, Aricka L. Royalty, respectfully demands the following:

1.      Trial by jury on all issues so triable;

2.      Judgment against the Defendants for statutory, compensatory, consequential and punitive damages;

3.      For attorneys' fees and costs; and,

4.      Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

*/David W. Hemminger*
David W. Hemminger
HEMMINGER LAW OFFICE, PSC
616 South Fifth St.
Louisville, KY 40202
(502) 443-1060
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

## **VERIFICATION**

I, Aricka L. Royalty, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Aricka L. Royalty

COMMONWEALTH OF KENTUCKY                    )
                                            ) SS
COUNTY OF ~~OLDHAM~~ JEFFERSON              )

Subscribed, sworn to and acknowledged before me by Aricka L. Royalty this 31st day of March, 2017.

_____
Notary Public

Commission expires: March 28, 2018

7